1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11    EMILE BOUARI ,                          ) Case No.:  25-cv-1266-BEN-MMP
                                              )
12                        Plaintiff,          ) ORDER GRANTING DEFENDANTS'
                                              ) MOTION TO DISMISS WITH LEAVE
13    v.                                      ) TO AMEND
                                              )
14    SAM BROWN et al.,                       )
                                              )
15                        Defendant.          )
16  _____ )

17

18        Before the Court are the following motions to dismiss filed by various Defendants:

19  (1) Motion to Dismiss by Defendant City of Los Angeles (ECF No. 19); (2) Motion to

20  Dismiss by Defendants County of Riverside and Sheriff Chad Bianco (ECF No. 22); (3)

21  Motion to Dismiss by Defendant Carlos Cannuscio (ECF No. 23); (4) Motion to Dismiss

22  by Defendants City of Henderson and Officer Trent (ECF No. 25); and (5) Joinders to

23  Motions to Dismiss by Defendant City of Las Vegas.  (ECF Nos 26-29).

24        Having considered the First Amended Complaint ("FAC") (ECF No. 17), the

25  motions related briefing, the Court **GRANTS IN PART** and **DENIES IN PART** the

26  motions as explained below, dismisses the FAC, and grants leave to amend.

27
28

1

## I.    BACKGROUND

2      Plaintiff filed the original complaint on May 19, 2025, and the FAC on

3  June 27, 2025.   The original complaint spanned roughly 40 pages; the FAC expands to

4  100 pages, appearing to add only attachments such as screenshots of news articles and

5  various websites.  The FAC names more than thirty defendants including but not limited

6  to, City of Henderson, Henderson Police Department (and Officer Trent), City of San

7  Diego, Mayor Todd Gloria, Las Vegas Metro Police Department, City of Los Angeles,

8  Sheriff Kevin McMahill, Chief of Police Hollie Chadwick, Riverside Sheriff's

9  Department, Sheriff Chad Bianco, City of Las Vegas, Jonathan Cooper and asserts four

10  causes of action premised on an alleged criminal conspiracy involving election fraud,

11  RICO violations, and constitutional torts.  The pleading fails to differentiate among

12  defendants or specify which causes of action apply to which party.

13      The FAC alleges, *inter alia*, that Defendants created "ghost voters" through

14  fabricated arrests, orchestrated arson to install sympathetic governors, and that Plaintiff

15  uncovered these schemes via the website *Chaturbate*.  (*Id.* at 24).

16

## II.    LEGAL STANDARDS

17

### Federal Rule of Civil Procedure 8

18      Rule 8(a) requires a complaint to contain: "(1) a short and plain statement of the

19  grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim

20  needs no new jurisdictional support; (2) a short and plain statement of the claim showing

21  that the pleader is entitled to relief; and (3) a demand for the relief sought." Fed. R. Civ.

22  P. 8(a).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).

23  Rule 10(b) further requires numbered paragraphs, each limited "as far as practicable to a

24  single set of circumstances," and separate counts for separate claims.

25

26  ///

27  ///

28

-2-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

### III.    DISCUSSION

#### A. The First Amended Complaint Violates Rules 8 and 10

The FAC fundamentally fails to meet basic pleading requirements.  Despite spanning 100 pages, the document contains only twelve numbered paragraphs, with that numbering beginning on Page 15 and ending on page 16.  This structure contravenes Rule 8's requirement that a pleading be "short and plain" and violates both Rule 10(b)'s basic organizational requirement and Local Civil Rule 5.1(k)'s formatting requirements.[1]  Fundamentally, the FAC consists largely of political commentary and personal grievances rather than organized factual allegations.  The bulk of the FAC consists of attachments and screenshots rather than the clear factual allegations Rule 8 requires.  This prolix and contradictory narrative obscures any cognizable claim and denies Defendants fair notice of the claims against them.

Established precedent requires that complaints provide defendants with fair notice of the claims against them.  *McHenry v. Renne*, 84 F.3d 1172, 1176 (9th Cir. 1996).[2]  In *McHenry*, the Ninth Circuit affirmed dismissal where the pleading was "argumentative,

---

[1] "Paragraphing Pleadings.  Averments in any pleading which seeks relief must be made in numbered paragraphs, each of which must be limited, as far as is practicable, to a statement of a single set of circumstances.  Responsive pleadings must contain numbered paragraphs, each of which corresponds to the paragraph to which it is directed."
[2] "The complaint is, as the district court said, mostly, 'narrative ramblings' and 'storytelling or political griping.'  It is not in what the district court called 'the traditional pleading style which prescribes a short and plain statement,' and it does not provide notice of what legal claims are asserted against which defendants."

1    prolix, replete with redundancy, and largely irrelevant." *Id.* at 1177.[3,4]  The court

2    emphasized that such pleadings fail to provide the "short and plain statement" Rule 8

3    demands.  *Id.* at 1176.[5]

4          The Ninth Circuit recognizes that length alone does not mandate dismissal.  In

5    *Hearns v. San Bernardino Police Dep't*, 530 F.3d 1124, 1131-32 (9th Cir. 2008),[6]  the

6    court reinstated a 68-page complaint because its orderly structure and clear allegations

7    afforded adequate notice, distinguishing it from the disorganized filing in *McHenry*.  The

8    *Hearns* court found that despite its length, the complaint's logical organization allowed

9    defendants to understand and respond to the claims.  *Id.* at 1132.

10         Nevertheless, courts properly dismiss when verbosity eclipses clarity.  In *Nevijel v.*

11    *N. Coast Life Ins. Co.*, 651 F.2d 671, 674 (9th Cir. 1981), the Ninth Circuit affirmed

12    dismissal of a complaint that the court originally deemed "verbose, confusing and almost

13    entirely conclusory.[7]" The court required an amended complaint to which the plaintiff

14    filed a second complaint of 23 pages with 24 pages of addenda that "named additional

---

[3] *Id.* at 1174 "The district judge dismissed plaintiffs' complaint under Federal Rules of Civil Procedure 8, 12 and 41 because it did not contain a short and plain statement of their claims for relief, did not give defendants a fair opportunity to frame a responsive pleading, and did not give the court a clear statement of claims."

[4] *See Cal. Coal. for Fams. & Child. v. San Diego Cnty. Bar Ass'n*, 657 F. App'x 675, 677 (9th Cir. 2016) (affirming dismissal of a 251-page complaint accompanied by 1,397 pages of exhibits as "complicated, lengthy, and meandering" in violation of Rule 8).

[5] *Id.* at 1177 (the magistrate noted "the prior complaints presented long-winded tales of municipal conspiracy and police misconduct, but failed properly to notify the individual defendants of the legal claims they faced. . . . The larger part of this new complaint restates the second amended complaint without curing any of the prior complaint's deficiencies.")

[6] "Plaintiff's complaints were long but intelligible and allege viable, coherent claims." *Id.* at 1132-33.

[7] Further the court found that "[t]here [was] no specific allegations as to instances of fraud for which appellees could be held responsible."

-4-

defendants without leave of court, and was equally as verbose, confusing and conclusory as the initial complaint." *Id*.  Similarly, *Schmidt v. Herrmann*, 614 F.2d 1221, 1224 (9th Cir. 1980), upheld dismissal of a pleading the court labeled "confusing, distracting, ambiguous, and unintelligible," which also did not comply with the Federal Rules of Civil Procedure.

The FAC exhibits the same deficiencies criticized in *McHenry, Nevijel*, and *Schmidt*.  Its 100-page length, containing only twelve numbered paragraphs of actual allegations buried within, renders it impossible for Defendants to formulate meaningful answers.  The disjointed structure, which intermixes screenshots, news articles, and stream-of-consciences narrative, prevents both Defendants and the Court from identifying any viable claim or determining which allegations apply to which party.

## B. The Court declines to reach the remaining grounds

Given these fundamental pleading deficiencies, the Court need not reach Defendants' alternative arguments regarding personal jurisdiction, failure to state a claim under Rule 12(b)(6), and other grounds.  These substantive challenges cannot be properly evaluated until Plaintiff files a complaint that complies with basic pleading requirements.  Accordingly, those portions of the motions are **DENIED AS MOOT WITHOUT PREJUDICE** to renew after Plaintiff files an amended complaint.

## IV.   Leave to Amend

The FAC is dismissed **without prejudice**.  Plaintiff may file a Second Amended Complaint within **thirty (30) days** of this Order.  Any amended complaint must:

1. Comply with Rules 8 and 10; use numbered paragraphs; and set out each claim in a separate count identifying the specific defendant(s) against whom it is asserted.

2. Provide a short and plain statement of: (a) subject-matter jurisdiction (Rule 8(a)(1)); (b) the factual allegations showing entitlement to relief (Rule 8(a)(2)); and (c) the relief sought (Rule 8(a)(3)).

3. Omit argument, commentary, and extraneous exhibits. Exhibits, if any, must be limited and tied to specific allegations in the pleading.

4. Clearly identify the acts and omissions of each Defendants relevant to each claim.

5. Not add new parties or new claims without prior leave of Court.

Failure to timely file an amended complaint may result in dismissal with prejudice.

## V.   CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED:

1. Defendants' motions to dismiss (ECF Nos. 19, 22, 23, 25) are **GRANTED IN PART** to the extent the FAC is dismissed for failure to comply with Rules 8 and 10, and **DENIED IN PART AS MOOT WITHOUT PREJUDICE** as to the personal jurisdiction and Rule 12(b)(6) grounds.

2. The First Amended Complaint (ECF No. 7) is **DISMISSED WITHOUT PREJUDICE.**

3. Plaintiff may file a Second Amended Complaint within **30 days** of this Order and must comply with the guidance above.

4. The Clerk is directed to terminate the pending motions consistent with this Order.


**IT IS SO ORDERED.**

DATED:    August 20, 2025

_____
**HON. ROGER T. BENITEZ**
United States District Judge

-6-